# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1406V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JULIE K. BEYERS, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: June 12, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Kathy Ann Lee*, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner.

*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 2, 2017, Julie K. Beyers filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Parsonage-Turner Syndrome, brachial plexitis, left axillary neuropathy, shoulder girdle dyskinesia with significant middle scalene spasm, tendinitis, and/or subacromial bursitis as a result of her October 30, 2014, receipt of the influenza ("flu") vaccine. Moreover, Petitioner alleges that she experienced residual effects of this injury for more than six months.

Respondent denies that the flu vaccine caused Petitioner to suffer any of the alleged injuries, or any other injury. Respondent also denies that her alleged current disabilities are a sequela of a vaccine-related injury. Nonetheless both parties, while maintaining their above-stated

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has fourteen days to identify and move to redact from the Decision medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

positions, agreed in a stipulation (filed on June 8, 2023) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $175,002.19 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| **JULIE K. BEYERS,** ) | |
| ) | |
| Petitioner, ) | **No. 17-1406V (ECF)** |
| ) | Chief Special Master Corcoran |
| v. ) | |
| ) | |
| **SECRETARY OF HEALTH AND** ) | |
| **HUMAN SERVICES,** ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Julie K. Beyers, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about October 30, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered Parsonage-Turner Syndrome, brachial plexitis, left axillary neuropathy, shoulder girdle dyskinesia with significant middle scalene spasm, tendinitis, and subacromial bursitis as a consequence of the flu immunization she received on or about October 30, 2014, and further alleges that she suffered the residual effects of this injury for more than six months.

The signed document can be validated at https://app.vinesign.com/Verify

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged Parsonage-Turner Syndrome, brachial plexitis, left axillary neuropathy, shoulder girdle dyskinesia with significant middle scalene spasm, tendinitis, subacromial bursitis, Shoulder Injury Related to Vaccination Administration ("SIRVA"), chronic regional pain syndrome ("CRPS"), or any other injury and further denies that her alleged current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,002.19 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42

U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 30, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about October 2, 2017, in the United States Court of Federal Claims as petition No. 17-1406V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged Parsonage-Turner Syndrome, brachial plexitis, left axillary neuropathy, shoulder girdle dyskinesia with significant middle scalene spasm, tendinitis, subacromial bursitis or any other injury or any of her alleged current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*Julie Beyers*

JULIE K. BEYERS

**ATTORNEY OF RECORD FOR PETITIONER:**

*Kathy A. Lee*

KATHY A. LEE
Christie Farrell Lee & Bell, P.C.
951 North Delaware Street
Indianapolis, IN 46202
Tel: (317) 488-5500

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by Henry P. Mcmillan -S3
Digitally signed by Henry P. Mcmillan -S3
Date: 2023.05.31 14:44:55 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 06/08/2023

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Colleen C Hartley by Heather L Pearlman*

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3644
Email: colleen.hartley@usdoj.gov

**Vinesign**

✓ **Verification Complete**
The document has been officially verified.

| | |
|---|---|
| **Document Status** | ✓ Signed & Verified |
| **Document Name** | Stipulation |
| **Sender Name** | Barb Sharp |
| **Document Key** | 82C767A6-CDBE-4AC5-B57F-3F0E6CDC9AB8 |

**Recipient 1**
Julie Beyers
▇▇▇▇▇▇@gmail.com
▇▇▇▇▇▇
Order 1

**IP Address**
▇▇▇▇▇▇

**Signature**
*Julie Beyers*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| **Document Completed** <br> Matching Hash | 06/02/2023 19:34 UTC | Julie Beyers | Signed by Julie Beyers (▇▇▇▇▇▇) <br> **Blockchain Block** <br> VVSCoboD+8J31UsHQ1LZZf0+skaTUZtMwNhteMGBG2w= <br> **Document Hash** <br> 3715B259A5617712EBA943AE02022D4BD69D4A8F2DCCFDD340E18BB6DC8DEA5B <br> **Timestamp** <br> 06/02/2023 19:34 UTC |
| **Document Viewed** | 06/02/2023 19:33 UTC | Julie Beyers | Viewed by Julie Beyers (▇▇▇▇▇▇) |
| **Document Viewed** | 06/02/2023 19:32 UTC | Julie Beyers | Viewed by Julie Beyers (▇▇▇▇▇▇) |
| **Document Viewed** | 06/02/2023 19:32 UTC | Julie Beyers | Viewed by Julie Beyers (▇▇▇▇▇▇) |
| **Document Viewed** | 06/02/2023 19:28 UTC | Julie Beyers | Viewed by Julie Beyers (▇▇▇▇▇▇) |
| **Document Sent** | 06/02/2023 19:28 UTC | Julie Beyers | Sent out via email to Julie Beyers (▇▇▇▇▇▇@gmail.com) |
| **Document Sent** | 06/02/2023 19:28 UTC | Julie Beyers | Sent out via text to Julie Beyers (▇▇▇▇▇▇) |
| **Document Created** | 06/02/2023 19:28 UTC | | Created by Barb Sharp (barb@cflblaw.com) |