# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1406V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
JULIE K. BEYERS,                    *     Chief Special Master Corcoran
                                    *
              Petitioner,           *     Filed: June 28, 2022
      v.                            *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathy A. Lee*, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner.

*Colleen C. Hartley,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On October 2, 2017, Julie K. Beyers filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleged that she suffered from Parsonage-Turner Syndrome, brachial plexitis, left axillary neuropathy, shoulder girdle dyskinesia with significant middle scalene spasm, tendinitis, and/or subacromial bursitis as a result of her October 30, 2014, receipt of the influenza ("flu") vaccine. *Id.* The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated June 12, 2023 (ECF No. 106).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 15, 2023 (ECF No. 108) ("Final Fees Mot."). Petitioner requests a total of $102,512.06, reflecting $81,180.10 in fees incurred for the services of Ms. Kathy Lee and paralegals, and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

$21,331.96 in costs. Final Fees Mot. at 2. Respondent reacted to the final fees request on June 16, 2023. Response, dated June 16, 2023 (ECF No. 109) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. On June 16, 2023, Petitioner filed a reply requesting that she be awarded the requested fees and costs as indicated. ECF No. 110.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$102,512.06**.

## ANALYSIS

### I.     Attorney's Fees

Because Petitioner's claim was successful, the Act entitles her to an award of *reasonable* attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|---|---|---|
| **Kathy A. Lee (Attorney)** | $350.00 | $350.00 | $380.00 | $388.00 | $404.00 | $424.00 | $466.00 | $508.00 |
| **Shelley K. Horstman (Legal Nurse Consultant)** | $125.00 | $125.00 | $132.00 | $135.00 | $140.00 | -- | -- | -- |
| **Barbara A. Sharp (Paralegal)** | $125.00 | $125.00 | $132.00 | $135.00 | $140.00 | $147.00 | $153.00 | $168.00 |

ECF No. 108-2 at 1.

Ms. Lee practices in Indianapolis, IN—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Pell v. Sec'y of Health & Hum. Servs.*, No. 18-1636V, 2021 WL 5026919 (Fed. Cl. Spec. Mstr. Oct. 13, 2021). The hourly rates requested for Ms. Lee for her time billed in the 2016-22 period are reasonable, and consistent with what has previously been awarded, in accordance with the Office of Special masters' fee schedule.[3] *Marshall v. Sec'y of Health & Hum. Servs.*, No. 20-1203V, 2022 WL 1780142 (Fed. Cl. Spec. Mstr. Dec. 20, 2022). I also find Ms. Lee's requested 2023 rate, which is $42.00 higher than her 2022 rate, reasonable.[4] Accordingly, those rates will be awarded. And I deem the time spent on this matter to be reasonable as well, so no adjustments in that regard will be made.

However, Ms. Hortsman does not have established rates in the Program, and the OSM Fee Schedules do not indicate appropriate rates for legal nurse consultants. And Petitioner has not provided any evidence to substantiate Ms. Hortsman's requested rate. Petitioner's timesheet indicates that Ms. Hortsman's work in the matter consisted of tasks, such as gathering medical records, typically performed by paralegals. *See* ECF No. 108-2 at 7–37. Thus, it is appropriate to compensate Ms. Hortsman at a paralegal rate. *See Barber v. Sec'y of Health & Hum. Servs.*, No. 99-434V, 2008 WL 4145653, at *15 (Fed. Cl. Spec. Msrt. Aug. 21, 2008) (compensating nurse consultant at a paralegal rate for tasks typically performed by paralegals). Here, rates charged for Ms. Hortsman's work are consistent with paralegal rates. I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter by Ms. Horstman to be reasonable.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 23, 2023).

[4] There are currently no prior decisions establishing Ms. Lee's requested 2023 rate; however, I recently noted in fees decision involving Ms. Lee that I would "be amenable to considering larger rate increases for subsequent years." *Chapman v. Sec'y of Health & Hum. Servs.*, No. 21-0532V, slip op. at 3 (Fed. Cl. Spec. Mstr. May 15, 2023).

## III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $21,331.96 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single Life Care Planner, Tresa Johnson, RN, BSN, CNLCP. Ms. Johnson received a retainer of $3,500.00 and submitted an invoice for a total of $13,689.91. ECF No. 108-5 at 27–38. That invoice reveals that Ms. Johnson worked a total of 136.70 hours on the matter, at an hourly rate ranging from $110.00 to $185.00. It appears from the docket in this case that the services of a life care planner were needed to resolve damages, and assisted in the completion of the matter, and thus were reasonably incurred. *See* February 16, 2021, and May 17, 2021 (addressing need for life care planner); ECF No. 106 (Decision revealing fairly large settlement amount). And the specific work performed is not questionable either. ECF No. 108-5 at 37–8. In addition, medical record retrieval costs are typical in the Vaccine Program and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Mailing costs are also typical, and I do not find any of these costs unreasonable. Thus, they shall also be awarded in full without reduction.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$102,512.06** reflecting $81,180.10 in attorney's fees and $21,331.96 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Kathy Lee.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master